

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. O-1427
Re: Procedure to be followed in
paying commission due delin-
quent tax attorney under de-
linquent tax contract with
Commissioners' Court for col-
lection of delinquent state,
county, road district and
common school district taxes.

We are in receipt of your letter of September 9,
1939, which reads in part as follows:

"Freestone County has a contract with Harvey
H. Vibrook to collect state, county, road dis-
trict, and common school district delinquent taxes.

"The County Tax Assessor-Collector of this
county retains commissions due the delinquent
collector and pays direct all commissions due him
on state, county, and road district taxes.

"Heretofore the Tax Assessor-Collector has
paid all school monies to the proper authority
and the delinquent collector received his com-
missions by school vouchers, signed by the trustees
of the various school districts. These vouchers
are also signed by the county superintendent and
the county auditor.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Compton White, Page 2

"Would it be legal for the Tax Assessor-
Collector to retain commissions due the delin-
quent tax collector and pay him direct as is
done on state, county and road district taxes,
or is it necessary to use the voucher system
as we have been doing."

For the purpose of this opinion, we assume that
this delinquent tax contract with Mr. Vibrock was entered
into in accordance with the provisions of Articles 7335
and 7335a of the Revised Civil Statutes of Texas. We do
not have this contract before us, and cannot construe the
various terms and provisions that may appear therein.

With respect to common school district taxes,
Article 2784 of the Revised Civil Statutes, 1925, provides
in substance that the Commissioners' Court of the county
shall have the power to levy and cause to be collected
such taxes, and this statute "makes the Commissioners'
Court of the county the governing body of the common school
districts in such county insofar as the power to levy and
cause to be collected the annual ad valorem taxes in such
common school districts is concerned." Attorney General's
Opinion No. O-980, dated June 24, 1939.

As such governing body, the Court may lawfully
enter into contracts with an attorney for the collection
of delinquent taxes, for such common school districts
and other delinquent state and county taxes. Articles
7335, 7335a and 7337, Revised Civil Statutes of Texas;
Cherokee County et al vs. Odom, 118 Tex. 288, 15 S. W. (2d)
536; Commissioners' Court et al v. Wallace, et al, 118
Tex. 279, 60 S. W. (2d) 535; State vs. Epperson, 121 Tex.
80, 42 S. W. (2d) 228; McCollom vs. City of Richardson
(C.C.A.) 121 S. W. (2d) 423.

Article 2795 of the Revised Civil Statutes provides
for the levy and collection of common school district taxes
by the Commissioners' Court and reads in part as follows:

". . . The tax collector shall collect
said taxes as other taxes are collected. The
tax assessor shall receive a commission of one-
half of one per cent for assessing such tax and
the tax collector a commission of one-half of

Honorable Compton White, Page 5

one per cent for collecting the same. The tax
collector shall pay all such taxes to the county
treasurer, and said treasurer shall credit each
school district with the amount belonging to it,
and pay out the same in accordance with law."

We assume that the County Assessor-Collector of
Freestone County, Texas, has been lawfully authorized to
collect common school district taxes in accordance with the
provisions of Article 1042b, Revised Civil Statutes of
Texas (effective May 18, 1939, Acts 1939, 46th Legislature,
H. B. 1032), which reads in part as follows:

"Any . . . common school district . . . is
hereby authorized by ordinance or by proper re-
solutions to authorize the County Assessor of the
county in which said . . . common school district
. . . is located to act as Tax Assessor for said
. . . common school district . . . or authorize
the Tax Collector of the County in which said . . .
common school district . . . is situated to act
as Tax Collector for said . . . common school dis-
trict. . .

"Sec. 2. When an ordinance or proper reso-
lution is passed making available the services of
the County Tax Assessor to such . . . common school
district . . . it shall be the duty of the said
Tax Assessor of the county in which . . . such
common school district . . . is situated to assess
the taxes for said . . . common school district . . .
and perform the duties of Tax Assessor for said . . .
common school district . . . according to the ordi-
nances or resolutions of said . . . common school
district . . . and according to law.

"Sec.3. When an ordinance or proper resolution
is passed availing such . . . common school districts
. . . of the services of the County Tax Collector,
it shall be the duty of the said Tax Collector of
the county in which said . . . common school districts
. . . are situated to collect the taxes and assess-
ments for said . . . common school districts . . .

and turn over as soon as collected to the
respective proper depository of said . . .
common school districts . . . or other au-
thority authorized to receive such taxes or
assessments, all taxes or moneys collected
. . . less his fees hereinafter provided
for, . . ."

In State vs. Epperson, et al, 121 Tex. 80, 42
S. W. (2d) 228, decided by Section B of the Commission of
Appeals in 1931, a contract was entered into between Epper-
son, an attorney, and Hidalgo County for the collection of
delinquent state and county taxes. A controversy arose
as to commissions due Epperson, and Epperson filed his
petition for mandamus in the District Court against the
County Tax Collector, and by amended petition, all members
of the Commissioners' Court were made respondents to compel
the collector to hand over to him some $93,000.00 in com-
missions allegedly wrongfully withheld. In the course of
its opinion, the court said:

"By legislative act the State has consti-
tuted the Tax Collector of the county its agent
to receive delinquent taxes collected under such
contract, and it is the duty of such officer to
pay all fees and commissions lawfully incurred in
the collection thereof to the various parties who
may be entitled thereto. Under such circumstances,
the Tax Collector's duty with reference to money
belonging to persons who are entitled under valid
contracts to receive the same from him is purely
ministerial. If he withholds the payment of such
funds when a person is lawfully entitled to receive
the same, he has failed to discharge a duty imposed
upon him by law, and his act is a wrongful one."
(Underscoring ours).

The Court also said:

"If Epperson's contention in the suit filed
by him in Hidalgo County is true, that is, that
he has performed certain services under a valid
contract with the Commissioners' Court, and that

Honorable Compton White, Page 5

> under the provisions of such contract he has
> earned certain commissions which lawfully belong
> to him, then it logically follows that the Tax
> Collector, as an agent of the State, is wrong-
> fully withholding possession of property which
> it is his legal duty under the statutes of this
> State to deliver to Epperson."

See also, Corneil vs. Swisher County, et al (C.C.A.) 78 S.W.
(2d) 1072; Tartley, Tax Collector, et al vs. Epperson,(C.C.A.)
50 S. W. (2d) 919 (Reversed by Sup. Ct. on other grounds,
79 S. W. (2d) 1081).

Under the authority of State vs. Epperson, supra,
and Articles 7335, 7335a, 2784 and 7337, you are respectfully
advised, and we hold that when the County Commissioners'
Court as the governing body of the common school districts
in its county for the collection of common school district
taxes has by proper ordinance or resolution legally de-
signated the County Assessor-Collector as its agent to
collect the taxes in accordance with the provisions of Art-
icle 1042b of the Revised Civil Statutes, then it is the
duty of such tax assessor-collector to perform the minis-
terial act of withholding such amounts as may be lawfully
due to the tax attorney, under the delinquent tax con-
tract. Such tax assessor-collector has the duty to perform
this ministerial act for the various common school districts
involved in acting as their agent, just as he has the duty,
as pointed out in State vs. Epperson, supra, to collect the
delinquent taxes due the State, and withhold from the amounts
so collected the lawful commissions due the delinquent tax
attorney under his contract with the Commissioners' Court and
pay the same over to him.

You are therefore respectfully advised, and it
is the opinion of this department, that it is legal and
proper for the county tax collector-assessor to retain
commissions lawfully due the delinquent tax attorney under
the terms of his contract with the Commissioners' Court
from such common school district taxes collected and pay
the same to such attorney as you state has been the pro-
cedure previously followed with reference to delinquent

Honorable Compton White, Page 6

tex collections on the state and county taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By            Cecil C. Rotsch
                      Assistant

CCR:BT
            APPROVED OCT 4, 1939

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN